■ Felipe Cooper, Appellant, v City of New York et al., Respondents. [628 NYS2d 279] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered April 8, 1993, denying plaintiff's motion for leave to serve a late notice of claim and to deem the notice of claim and summons and complaint timely filed, unanimously reversed, on the law, the facts and in the exercise of discretion, and the motion granted, without costs.

Plaintiff, on January 8, 1991, timely served a notice of claim against each defendant for injuries allegedly sustained as a result of improper handling by the police and New York City Health and Hospitals Corporation ("HHC") Emergency Medical Services employees in October, 1990, following a shooting incident.

According to the City, subsequently, on May 24, 1991, plaintiff served a new notice of claim for personal injuries allegedly sustained during a March 25, 1991 physical therapy session which was part of the treatment for his prior injuries. Although this notice of claim was timely, it apparently was served solely on the City and not on the proper defendant, HHC.

Subsequently, plaintiff moved to deem timely an "amended notice of claim", which, according to plaintiff's brief herein, had been served on the City on October 29, 1991 and, according to plaintiff's interpretation of a partially legible date stamp, on HHC on January 27, 1992. Although the record on that motion is not before us, the decision of the court indicates that the court was misinformed about the nature of the "amended notice of claim" and did not realize that it specifically referred to the physical therapy claim rather than just the original claim. Nor did the court seem to be aware of the claim plaintiff has made on this appeal that the evidence established that the amended notice of claim had already been served on HHC on January 27, 1992. The court nevertheless afforded plaintiff an opportunity to move again for leave to serve a late notice of claim regarding the physical therapy claim on the proper defendant, leading to the motion which is the subject of this appeal.

This motion was duly brought by plaintiff and sought leave to file a late notice of claim regarding the physical therapy claim on HHC. Although the record reveals much confusion concerning the actual sequence of events, it appears that, on balance, the motion should have been granted. It is completely clear that HHC was aware of the incident which is the subject of this claim since it is fully recorded in its own records, which state, "19 y[ear] o[ld] m[ale] [with] T8 paraplegia, nonambulatory wheelchair bound was in P.T. today when therapist was stretching R[ight] L[ower] E[xtremity]—heard loud snap. Xray revealed R[ight] subtrochanteric hip FX [fracture]." Moreover, there is no indication that defendant has been significantly prejudiced by this delay. Concur—Ellerin, J. P., Wallach, Kupferman, Ross and Mazzarelli, JJ.